UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mark Karran,<br><br>                              Plaintiff,<br>   -v-<br><br>Fedex Ground Package System, Inc.,<br>APS Transportation Inc., and<br>Albert Saraceni,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Mark Karran ("Karran") by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Fedex Ground Package System, Inc., APS Transportation Inc., and Albert Saraceni (collectively "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that he is: (i) entitled to unpaid wages/overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff further complains, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate and 1.5 times the applicable New York State Minimum Wage rate, for all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations there under - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 196, compensation for not receiving

notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Mark Karran ("Karran") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. At all times relevant herein, Defendant Fedex Ground Package System, Inc. ("Fedex") was a New York for-profit corporation.

9. At all times relevant herein, Defendant APS Transportation Inc. ("APS") was a New York for-profit corporation.

10. Upon information and belief and at all times relevant herein, Defendant Albert Saraceni ("Saraceni") owned, operated and managed Defendant APS.

11. Upon information and belief and at all times relevant herein, Defendants Saraceni and APS shared a principal place of business located at 145-29 6th Avenue, Whitestone, NY 11357.

12. At all times relevant herein, Defendant FedEx operated a facility located at 58-95 Maurice Ave Maspeth, New York 11378, where Plaintiff was employed.

13. At all times relevant herein, Defendants Saraceni and APS were agents/contractors hired by FedEx to provide delivery services to FedEx and its customers.

14. Plaintiff was recruited by Defendants APS and Saraceni and provided to Defendant FedEx to work for Defendant FedEx at FedEx facility and under the supervision and control of Defendant FedEx.

15. At all times relevant herein, Defendants FedEx, APS and Saraceni individually and/or jointly controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff. See i.e. *Barfield v. New York City Health & Hosps. Corp.,* 537 F.3d 132, 148 (2d Cir. 2008).

16. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

## STATEMENT OF FACTS

17. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing package and delivery services.

18. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed thousands of employees.

19. At all times relevant herein, Plaintiff was hired by Defendants as a manual worker, based at and working out of FedEx facility in Maspeth Queens, New York, as a driver for Defendant FedEx within New York and more specifically, within the New York City and Long Island area.

20. At all times relevant herein, Plaintiff's work was integral to Defendant FedEx's business.

3

21. At all times relevant herein, Plaintiff was required to represent himself as an employee of FedEx, and was required to follow FedEx's rules and procedures in performing his job.

22. At all times relevant herein, Plaintiff was required to wear a uniform and picture identification badge while working for Defendant FedEx and he did so – the name of Defendant FedEx was printed on the identification badge.

23. At all times relevant herein, Plaintiff was required to drive a FedEx branded vehicle with a large FedEx logo on the vehicle as required by Defendant FedEx.

24. During the work period, Plaintiff was supervised by Defendants – personnel of FedEx would monitor Plaintiff's work in the field to determine if Plaintiff was complying with FedEx's delivery deadlines etc.

25. During the work period, Defendants directed and instructed Plaintiff as to what work to do and how to do such work.

26. During the Work Period, Defendants set Plaintiff's work schedule and work hours based on the requirements of FedEx's delivery schedule.

27. At all times relevant herein, Plaintiff was never in business for himself and was economically dependent for employment, work and wages on Defendants.

28. At all times relevant herein, Plaintiff was economically dependent on FedEx, and when the relationship between Defendants ended, Plaintiff lost his job.

29. Plaintiff was employed by Defendants from on or about October 11, 2016 to on or about November 11, 2021.

30. At all times relevant herein, Plaintiff worked about 46-55 or more hours each week for Defendants, 5-6 days/week, throughout the period of his employment with Defendants – with the exception of 3-4 weeks each year.

31. At all times relevant herein, Plaintiff was paid an effective hourly rate of about $21.73 an hour.

32. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). *Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.*

33. At all times relevant herein, Plaintiff worked more than forty hours a week for Defendants.

34. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay and 1.5 times the applicable New York Minimum wage rate for each and all hours worked in excess of forty hours in a week. Plaintiff was paid for some overtime hours at his straight regular rate by separate transaction – for example when he worked a sixth day in the week, and was not paid any wages for about 6 or more overtime hours each week.

35. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

36. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL § 195(3)- the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

37. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues and/or expenditures in excess of $500,000.

38. Upon information and belief, and at all times relevant herein, Defendants conducted business with vendors/entities/persons within the State of New York.

39. Upon information and belief, and at all times relevant herein, Defendants utilized the

5

instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems as part of their regular daily business and operations.

40. Upon information and belief, and at all times relevant herein, Defendants utilized the goods, materials, and services through interstate commerce.

41. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

42. Upon information and belief, and at all times relevant herein, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems.

43. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

44. All times applicable or relevant herein refers to the period that Plaintiff performed worked for Defendants, individually and/or jointly.

45. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

46. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

47. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

49. Plaintiff seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants – including Defendant FedEx, individually and/or jointly, under the Internal Revenue Code, and specifically, under the Federal Insurance Contributions Act ("FICA"). See 26 U.S.C. § 3121(b). U.S. v. MacKenzie  777 F.2d 811, 814 (2d Cir., 1985).

50. Plaintiff also seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants – including Defendant FedEx, individually and/or jointly, under the federal Fair Labor Standard Act and New York Labor Law under which Plaintiff sues herein. See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 141–42 (2d Cir.2008). Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir.1988).

51. The declarations of employee status sought by Plaintiff herein, will allow Plaintiff to seek certain tax contributions from Defendants – including Defendant FedEx, as well as make him eligible to seek a range of benefits that comes with employee status such as unemployment insurance benefits, as well as benefits offered by Defendants to their other employees and other benefits provided by law to employees. Plaintiff herein is seeking to recover all benefits that come with employee status that can be recovered in this action under law.

## AS AND FOR A SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

52. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if set forth fully and at length herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

54. Upon information and belief, and at all times relevant to this action, Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

55. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

56. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

57. Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

58. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 56 above as if set forth fully and at length herein.

59. At all times relevant to this action, plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

60. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable New York State Minimum wage rate for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

61. Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

62. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 61 above with the same force and effect as if fully set forth at length herein.

63. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, and 198 and the applicable regulations thereunder.

64. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, and 198 by failing to pay Plaintiff his wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA) and minimum wages, within the time required under NY Labor Law § 190 et seq.

65. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

66. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

67. Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

68. Declare Defendants, individually and/or jointly to be employers of Plaintiff, and declare Defendants, individually and/or jointly, (including their overtime and wage payment policy and practice as well as their wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

69. As to the **First Cause of Action**, issue a declaratory judgment that Plaintiff at all relevant times was an employee of Defendants, individually, and/or jointly, under the Internal Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL

70. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

71. As to the **Third Cause of Action,** award Plaintiff his unpaid overtime and wage deductions due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs

and attorney's fees pursuant to NYLL § 663;

72. As to the **Fourth Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

73. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

74. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
         **May 31, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*